UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICHOLS COLLEGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| NATIONAL STRENGTH PROFESSIONALS | ) |
| ASSOCIATION, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND JURY DEMAND

Plaintiff Nichols College, for its complaint against defendant National Strength Professionals Association, Inc., alleges as follows:

1. This is an action against National Strength Professionals Association, Inc. for, among other claims, infringement of plaintiff's registered trademark YOUR SUCCESS IS OUR BUSINESS.

### Parties

2. Plaintiff Nichols College is an educational institution duly organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business at 123 Center Street, Dudley, Massachusetts 01571.

3. On information and belief, defendant National Strength Professionals Association, Inc. ("NSPA") is a corporation organized and existing under the laws of the State of Maryland, with a place of business at 2441 Braddock Road, Mount Airy, Maryland, 21771.

### Jurisdiction and Venue

4. This is an action for trademark infringement arising under the Lanham Act, 15 U.S.C. §§1051 *et seq*. and related claims for false designation of origin under 15 U.S.C.

§1125(a), and for unfair competition, for which the Court has jurisdiction under 28 U.S.C. §§1331, 1338(a) and 1338(b), and this Court's pendent jurisdiction.  In addition, this is a civil action between citizens of different states where the matter in controversy is believed to exceed the sum or value of $75,000 exclusive of interest and costs, for which this Court has jurisdiction under 28 U.S.C. §1332(a)(1).

5. Venue in this Court exists under 28 U.S.C. §§ 1391(b) and 1391(c).

**Facts Giving Rise to Claim**

6. Plaintiff Nichols College is an educational institution that, among other things, provides courses of instruction at the college level, and arranges and conducts athletic competitions at the college level.  Students at plaintiff Nichols College come from 30 different states and eight different countries.   At least about 13% of its students come from the Baltimore-Washington, D.C. region, which is where defendant NSPA is located, in Mount Airy, Maryland.

7. Since at least September 30, 1999, plaintiff Nichols College has used the mark YOUR SUCCESS IS OUR BUSINESS continuously in commerce in connection with the promotion and selling of its educational services, including courses of instruction and athletic competitions at the college level, and in connection with the promotion and selling of its goods, including paper goods and printed matter such as stickers, brochures, catalogs and bulletins in the field of college level education.

8. On December 5, 2006, plaintiff Nichols College applied to register the mark YOUR SUCCESS IS OUR BUSINESS with the United States Patent and Trademark Office ("USPTO") for paper goods and printed matter, namely, stickers, brochures, catalogs and bulletins in the field of college level education, in International Class 16; and for educational

services, namely, providing courses of instruction at the college level, and arranging and conducting athletic competitions at the college level, in International Class 41. This application was assigned serial number 77/056,930.

9. The USPTO registered the mark YOUR SUCCESS IS OUR BUSINESS on the Principal Register as Registration No. 3,407,905 on April 8, 2008. A true and correct copy of the registration is attached hereto as Exhibit A, and is made a part hereof.

10. Plaintiff Nichols College is and has been the owner of all right, title, and interest in the mark YOUR SUCCESS IS OUR BUSINESS for use in connection with educational services, namely, providing courses of instruction at the college level, and arranging and conducting athletic competitions at the college level; and for paper goods and printed matter, namely, stickers, brochures, catalogs and bulletins in the field of college education.

11. Plaintiff Nichols College has made broad and substantial use of the mark YOUR SUCCESS IS OUR BUSINESS for more than the past 11 years, in marketing its educational goods and services to, *inter alia*, students and prospective students at the pre-college, college and post-graduate levels, and others looking to learn and improve themselves; and has adopted the mark YOUR SUCCESS IS OUR BUSINESS as the motto of the college.

12. Plaintiff Nichols College's mark YOUR SUCCESS IS OUR BUSINESS is of significant value to it as an identification of source in connection with the promotion and offering of its educational services and goods, and to distinguish the educational goods and services of plaintiff Nichols College from the goods and services of others. Through plaintiff Nichols College's use and promotion of the mark YOUR SUCCESS IS OUR BUSINESS in connection with its educational goods and services for more than the past 11 years, students at the pre-college, college and post-graduate levels, and others in the educational field, have come

to associate the mark YOUR SUCCESS IS OUR BUSINESS with the educational goods and services of plaintiff Nichols College.

13. Among its educational services, plaintiff Nichols College offers a major in Sports Management, which is the largest of all majors at the college. This Sports Management major includes course work in Coaching Administration and Management covering such topics as coaching concepts and strategies, pre and post-season development, conditioning, practice planning and the like, that can lead to Coaching Certification.

14. Defendant NSPA advertises itself as a provider of educational services that include courses for students in the field of health and fitness, taught by a professional faculty, leading to certification of its students as personal trainers and conditioning specialists.

15. On information and belief, defendant NSPA began using the mark YOUR SUCCESS IS OUR BUSINESS in connection with its educational services many years after plaintiff Nichols College had already been using that mark.

16. Plaintiff Nichols College has demanded that defendant NPSA cease its infringing use of the mark YOUR SUCCESS IS OUR BUSINESS in connection with the educational goods and services offered by defendant NSPA. Nevertheless, defendant NSPA has improperly continued to use, and is using, the phrase YOUR SUCCESS IS OUR BUSINESS in commerce as a mark for its educational services without the permission and over the objection of plaintiff Nichols College.

17. Defendant NSPA's continuing wrongful advertising and promotion of its educational services nationwide under the mark YOUR SUCCESS IS OUR BUSINESS is directed to, among other persons, students and prospective students who are interested in sports and athletics-related educational programs. Such advertising and promotion by defendant

4

1116570.1

NSPA that makes prominent use of the mark YOUR SUCCESS IS OUR BUSINESS includes advertising and promotion on defendant NSPA's website and on its Facebook and Twitter pages that are directed to potential students and others nationwide, including in the Commonwealth of Massachusetts. Defendant's website and its Facebook and Twitter pages are interactive and give students and potential students, including students and potential students in the Commonwealth of Massachusetts, the ability to register for NSPA's courses and examinations online.

18. Defendant NSPA's use of the mark YOUR SUCCESS IS OUR BUSINESS in connection with its educational services infringes the rights of plaintiff Nichols College and is likely to cause confusion, to cause mistake, and to deceive as to the origin, sponsorship, affiliation with or approval by plaintiff Nichols College of the services of the defendant NSPA. Such confusion, mistake and deception is especially pronounced in connection with the students, prospective students and others to whom plaintiff Nichols College advertises and promotes its Sports Management major.

19. Plaintiff Nichols College has been and continues to be irreparably damaged by defendant NSPA's use of the mark YOUR SUCCESS IS OUR BUSINESS.

## COUNT ONE

### Trademark Infringement Under the Lanham Act

20. Plaintiff Nichols College realleges and incorporates herein by reference each of the allegations contained in paragraphs 1 through 19 of this Complaint.

21. Defendant NSPA's actions were and continue to be in violation of section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), which imposes liability on a person for use in commerce of any word, term, name, symbol or device, or any combination thereof, which is

likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of a person with another person or as to the origin, sponsorship, or approval of its goods, services, or commercial activities by another person.

22. Defendant NSPA's use and continuing use of plaintiff Nichols College's registered mark YOUR SUCCESS IS OUR BUSINESS in violation of plaintiff's rights, after receiving notice of plaintiff's rights, constitutes willful infringement of plaintiff's YOUR SUCCESS IS OUR BUSINESS registered mark.

23. Plaintiff Nichols College is being damaged by defendant NSPA's use of the mark YOUR SUCCESS IS OUR BUSINESS in violation of 15 U.S.C. §1125(a).

## COUNT TWO

### False Designation of Origin Under the Lanham Act

24. Plaintiff Nichols College realleges and incorporates herein by reference each of the allegations contained in paragraphs 1 through 23 of this Complaint.

25. Defendant NSPA's actions were and are in violation of section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), which imposes liability on a person for false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of a person with another person or as to the origin, sponsorship, or approval of its goods, services, or commercial activities by another person, or in commercial advertising and promotion, misrepresents the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services, or commercial activities.

26. Defendant NSPA's use and continuing use of the mark YOUR SUCCESS IS OUR BUSINESS in violation of plaintiff's rights, after receiving notice of plaintiff's rights, is willful.

27. Plaintiff Nichols College is being damaged by defendant NSPA's use of the mark YOUR SUCCESS IS OUR BUSINESS in violation of 15 U.S.C. §1125(a).

## COUNT THREE

### Common Law Trademark Infringement

28. Plaintiff Nichols College realleges and incorporates herein by reference each of the allegations contained in paragraphs 1 through 27 of this Complaint.

29. Defendant NSPA has infringed and continues to infringe plaintiff Nichols College's common law rights in the mark YOUR SUCCESS IS OUR BUSINESS.

30. Defendant NSPA's use and continuing use of plaintiff's common law mark YOUR SUCCESS IS OUR BUSINESS, after receiving notice of plaintiff's rights, constitutes willful infringement of plaintiff's rights.

31. Plaintiff Nichols College is being damaged by defendant NSPA's use of the common law mark YOUR SUCCESS IS OUR BUSINESS.

## COUNT FOUR

### Unfair Competition

32. Plaintiff Nichols College realleges and incorporates herein by reference each of the allegations contained in paragraphs 1 through 31 of this Complaint.

33. Defendant NSPA, by its foregoing actions, has engaged and is continuing to engage in unfair competition with plaintiff Nichols College.

34. Defendant NSPA's unfair competition, after receiving notice of plaintiff's rights, is willful.

35. Plaintiff Nichols College is being damaged by defendant NSPA's unfair competition.

WHEREFORE, Nichols College respectfully prays that this Court enter judgment against defendant National Strength Professionals Association, Inc.:

A. Awarding plaintiff Nichols College such damages as may be proved at trial;

B. Pursuant to the powers granted under 15 U.S.C. §1116, enjoining defendant National Strength Professionals Association, Inc. and its officers, agents, servants, employees and attorneys, and those acting in active concert or participation with it, from directly or indirectly using the term YOUR SUCCESS IS OUR BUSINESS or any other mark, word, phrase or name that is similar to plaintiff's mark YOUR SUCCESS IS OUR BUSINESS and likely to cause confusion or mistake or to deceive;

C. Pursuant to the powers granted under 15 U.S.C. §1118, ordering that all promotional materials, advertisements, handouts, brochures, and the like in the possession of defendant that includes YOUR SUCCESS IS OUR BUSINESS or any mark, word, or name similar to plaintiff's mark YOUR SUCCESS IS OUR BUSINESS shall be delivered and destroyed; and enjoining defendant to remove from its website and its pages on Twitter and Facebook, and elsewhere on the Internet, all use of the phrase YOUR SUCCESS IS OUR BUSINESS and any mark, word, or name similar to plaintiff's mark YOUR SUCCESS IS OUR BUSINESS;

1116570.1

D. Requiring defendant National Strength Professionals Association, Inc. to account to plaintiff Nichols College for any and all profits derived by defendant from its educational services that it has offered under the mark YOUR SUCCESS IS OUR BUSINESS;

E. Pursuant to 15 U.S.C. §1117, awarding plaintiff Nichols College the profits of defendant National Strength Professionals Association, Inc.;

F. Pursuant to 15 U.S.C. §1117, awarding plaintiff Nichols College treble the amount of damages caused by defendant National Strength Professionals Association, Inc., and awarding punitive and exemplary damages by reason of defendant National Strength Professionals Association, Inc.'s willfully wrongful acts;

G. Pursuant to 15 U.S.C. §1117, determining that this is exceptional case and awarding plaintiff Nichols College its reasonable attorneys' fees;

H. Pursuant to 15 U.S.C. §1117, awarding plaintiff Nichols College the costs of this action;

I. Awarding plaintiff Nichols College pre-judgment and post-judgment interest, compounded under federal common law; and

J. Granting plaintiff Nichols College such other and further relief as may be just and proper.

## Jury Demand

Plaintiff Nichols College hereby demands a trial by jury on all claims and issues that are triable by jury.

                    NICHOLS COLLEGE

                    By its attorneys,

                    /s/ David J. Brody  
                    David J. Brody (BBO#058200)  
                    Email:   david.brody@hbsr.com  
                    John L. DuPré (BBO#549659)  
                    Email:   john.dupre@hbsr.com  
                    Hamilton, Brook, Smith & Reynolds, PC  
                    530 Virginia Road  
                    P.O. Box 9133  
                    Concord, Massachusetts 01742-9133  
                    Telephone:   (978) 341-0036  

Dated:  August 10, 2011          Facsimile:    (978) 341-0136

1116570.1